SPRING 1812.
I. District.

STATE
*vs.*
CECIL.

WITNESS SWORN.

---

## MILNE vs. AMELUNG'S SYNDICS.

*By the Court.* The petition states that the plaintiff sold to the insolvents two hundred and four bales of cotton. One half of the amount was paid down, and the insolvent's notes received for the other half, payable at sixty days. Before the maturity of the notes, the insolvents failed, and the plaintiff filed his petition, praying for an order of sequestration of the whole cotton, which was granted, and the same was accordingly landed, from a vessel on board of which the insolvents had shipped it.

Vendor, who has received part of his payment, may demand the whole thing sold, on returning it, or that it be sold to raise the balance.

THE prayer of the present petition is, "that " the said cotton may be declared to be the pro- " perty of the petitioner, and delivered to him, or

C c

MILNE
*vs.*
AMELUNG'S
SYNDICS.

" so much thereof as may be sufficient to satisfy " the three notes of hand aforesaid."

A VENDOR has a priviledge over the thing sold, that is to say, the right of requiring the sale of it, in order to obtain his payment, *Civil Code*, 470, *art.* 74, *sect.* 5, or of demanding the restoration of the thing sold. In the latter case, he is to refund what he has received, and he may prosecute that right, on the whole of the thing sold, even when it is divisible, and he has received part of the payment. *Ord. Bilboa, chap.* 17, *seet.* 40.

THE defendants having interpleaded and depended on the general issue, it would have been the duty of the Court, on proof of the facts in the petition, to have ordered, as the petition prays, that the whole cotton taken be declared to be the property of the plaintiff; he paying the expences of unlading, and reimbursing the part of the price paid him : but the parties have placed their controversy before the Court, on the following case agreed.

" ON the 16th of February, F. & H. Amelung " purchased of Andrew Milne two hundred and " four bales of cotton, weighing 65,728*lb*. at fif- " teen cents per pound, amounting to the sum of " $9,859 20, for which they paid one half in cash " and the other in their three promissory notes, " endorsed by Thomas Elmes. Before the said

Spring 1812.
I. District.

Milne
vs.
Amelung's
Syndics.

" notes became due, Andrew Milne sued out a " special writ of sequestration, by virtue of which " the sheriff seized the whole cotton, on board of " the ship William, then bound to New-York, " consigned to Corp, Ellis & Shaw. Afterwards " the cotton, while in the possession of the sheriff, " was bonded for, under a rule of Court, and sold " at twelve cents and one half per pound, at 60 " days, the market price being fifteen cents in " cash : and Andrew Milne presents the annexed " account of charges, on the allowance of which " he is ready to hand over the balance in his hands."

" On the above statement, the following points " are submitted to the consideration of the Court.

" 1. Whether Andrew Milne was entitled to " a special writ of sequestration ?

" 2. If so, whether the debts be entitled to pre- " ference or priviledge ?

" 3. If so, whether the preference or priviledge " be not confined to one half of the cotton, the " other being paid for ?

" 4. Whether the costs and charges be not " to be deducted out of the said one half ?

" 5. Whether the loss, if any, arising on the " sale of the cotton, bonded by Andrew Milne, as " aforesaid, is not to be charged exclusively to " him ?

SPRING 1812.
I. District.

MILNE
*vs.*
AMELUNG'S
SYNDICS.

" 6. WHETHER the charges in the annexed " account be correct?

"*A. L. Duncan*, for plaintiff.

"*A. R. Ellery*, for defendants."

As by the consent of the parties, the cotton has been sold, and the specific prayer for a restitution cannot be granted, the case is before the Court, as if the prayer of the petition had been for the vendor's priviledge on the cotton, for the purpose of being paid out of the proceeds.

1. THE Court is of opinion, on the first point made in the case agreed, that the plaintiff was entitled to the special writ of sequestration.

2. ON the second, that the debt is such one as gives a preference and priviledge.

3.. THAT the priviledge is not confined to a part, but extends to the whole.

4. THAT the charges are not to be deducted, but the plaintiff is entitled to the whole balance of his debt.

5. THAT the difference between the price at the two sales, is to be borne by the defendants, and not by the plaintiff: the action being, by the act of both parties, changed, from an action for the restitution of the thing sold, to an action for the payment of the debt.

6. THAT the charges in the account current not being supported by vouchers, cannot be admitted if denied: but it does not appear necessary

to determine their legality, as the plaintiff is not to be charged therewith.

Spring 1812.<br>I. District.

THE plaintiff is, therefore, to be paid the amount of the note with interest, from the day of their maturity; it being posterior to that of the demand.